IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRYLYN McCAIN,

    Plaintiff,                                  No. CIV 10-1266 JAM KJM PS

   vs.

BANK OF AMERICA, NA, et al.,

    Defendants.                             <u>FINDINGS AND RECOMMENDATIONS</u>

         Defendants' motions to dismiss came on regularly for hearing October 20, 2010. Plaintiff appeared in propria person. Bahareh Mostajelean appeared for defendant Bank of America. Gilberto Gutierrez appeared for defendant Sheriff of San Joaquin County. William Krabbenhoft appeared for defendant Superior Court of the State of California. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

         This action was originally filed in the United States District Court, District of Columbia and transferred to the Eastern District of California on April 28, 2010. Plaintiff seeks to quiet title on her property located in Stockton and seeks a cease and desist order preventing foreclosure of a loan she obtained in March 2006. Plaintiff alleges causes of action for quiet title

/////

and slander of title/fraudulent inducement. Plaintiff further alleges her due process rights have been violated in connection with nonjudicial foreclosure.

Defendant Bank of America moves to dismiss for failure to state a claim and the defendant Sheriff joins in that motion. Plaintiff rests her fraud claim on a "vapor money" theory, which has been repeatedly rejected by the courts. See, e.g., Kuder v. Wash. Mut. Bank, 2009 WL 2868730, at *3 & n.5 (E.D. Cal. 2009). Other than the vapor money theory, the complaint lacks any factual allegations to support fraud.[1] That claim should accordingly be dismissed. To the extent plaintiff alleges a claim for quiet title, this action cannot lie because plaintiff has not paid off the loan. See California Civil Code § 1691(b); see also Aquilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974) (cloud upon title persists until debt is paid). Plaintiff's due process claim is fatally deficient in that this claim rests upon the assertion that her property cannot be foreclosed upon unless defendant Bank of America demonstrates it is the holder of the note. This assertion is untenable because under the California nonjudicial foreclosure statutes, the trustee or beneficiary is not required to be a holder in due course of the instrument. Cal. Civ. Code § 2924 et seq.; see Moeller v. Lien, 25 Cal. App. 4th 822, 834 (1994); see also Candelo v. NDEX West, LLC, 2008 WL 5382259, at *4 (E.D. Cal. 2008) (no requirement to produce original note to initiate nonjudicial foreclosure); Sicairos v. NDEX West, LLC, 2009 WL 385855 (S.D. Cal. 2009) (under Civil Code section 2924, no party needs to physically possess the promissory note). Moreover, plaintiff cannot base a claim brought under 42 U.S.C. § 1983 on allegations that some of the defendants were involved, in various ways, with a nonjudicial foreclosure sale because such activities do not constitute state action. See Apao v. Bank of New York, 324 F.3d 1091, 1094-95 (9th Cir. 2003) ( nonjudicial foreclosure sale of property does not constitute state action); see also Garfinkle v. Superior Court, 21 Cal.3d 268, 281 (1978) (California's nonjudicial

---

[1] After briefing was complete on the pending motions, plaintiff filed several documents titled "Affidavit of Truth and Fact." See Docket Nos. 39-50. Even if the court were to consider the affidavits, the material they contain is insufficient to support a fraud claim.

foreclosure procedure does not constitute state action and therefore is immune from the procedural due process requirements).[2]  Plaintiff has not made any proffer to suggest amendment would be anything other than futile.  The motions to dismiss of defendant Bank of America and defendant Sheriff should therefore be granted without leave to amend.

As against defendant Superior Court, plaintiff seeks to prevent this defendant from acting on any unlawful detainer action brought against her.  Defendant moves to dismiss on the ground this claim is barred by the Eleventh Amendment.  That contention is well-taken.  See Greater Los Angeles Counsel on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (docket nos. 24, 28, 35) be granted without leave to amend; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

/////

/////

/////

---

[2]  Plaintiff's complaint also makes a reference to the federal Truth in Lending Act ("TILA") and the Fair Debt Collection Practices Act ("FDCPA") but asserts no factual allegations in connection with these statutes.  In any event, claims under these statutes cannot lie.  Any TILA claim for money damages would be barred by the one year statute of limitations because the loan was taken out in March 2006 and this action was not filed until January 15, 2010.  See 15 U.S.C. § 1640(e).  A claim for rescission cannot lie because purchase money loans are excluded from the TILA rescission provisions. 15 U.S.C. § 1635(e)(1).  Plaintiff cannot state a claim under the FDCPA in connection with foreclosure proceedings because such proceedings do not qualify as debt collection within the meaning of the act.  15 U.S.C. § 1692a(6)(A); see Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008).

1 objections shall be served and filed within seven days after service of the objections.  The parties
2 are advised that failure to file objections within the specified time may waive the right to appeal
3 the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: October 25, 2010.

_____
U.S. MAGISTRATE JUDGE

26 006 mccain.57

4